22344. STEPHENSON v. STATE OF GEORGIA et al.

DUCKWORTH, Chief Justice. 1. After careful examination and deliberate consideration, this court put at rest most of the questions as to constitutional debt limitations raised here in *Sheffield v. State School Building Authority,* 208 Ga. 575 (68 SE2d 590), and we will not rehash those matters but simply say they are decided against the plaintiff in error.

2. While the Act (Ga. L. 1963, p. 2250) is confusing in providing in Section 10 that all taxes within the limit are liable for the rent, and then says all revenue from whatever source is liable therefor, and that the rentals shall be a first claim thereon, the judgment—without expressly mentioning such provisions of the Act—expressly provides that the rent claims shall not impair existing obligations of the city and that the claim for rent shall only be a first claim against the funds allocated in the budget for that purpose. We construe this judgment to mean that the provisions in the Act giving a first claim for the rent due on all revenue of the city from whatever source derived is invalid. We concur in this. The primary reason for chartering the city is the maintenance of health and safety, and this can not be subordinated to any other activities.

3. There are no allegations that the obligations of the city to pay rentals in equal amounts over a period of 30 years constitute a debt which requires a vote of the people under *Code Ann.* § 2-6001, and there is a total absence of facts essential to a finding that the lease offends this clause of the Constitution.

4. The allegations of inadequacy of the facilities, the nonfeasibility of the validation of the bonds due to the economic position of the city, and the alleged reliance upon other governmental authorities to take over and render certain obligations of the city, being mere conclusions of the pleader

with insufficient allegations of ultimate fact in the intervention, the court did not err in refusing to consider these objections.

5. The bonds do not violate the law (*Code Ann.* § 87-807, Ga. L. 1937, pp. 761, 766; or *Code Ann.* § 2-6001, Const. of 1945) as to liability of the municipality or in compelling the power of taxation by the city.

6. The lease agreement is authorized by the Constitution, Art. VII, Sec. VI, Par. I (*Code Ann.* § 2-5901) for the rental of the facilities by the city, and it is not unconstitutional for any of the reasons assigned, nor violative of the general law of this State. *McLucas v. State Bridge Building Authority*, 210 Ga. 1 (77 SE2d 531).

7. Since the law is not subject to any of the constitutional attacks thus made, and the lease agreement and the bonds are in conformity with the law of this State and not unconstitutional for any of the reasons assigned, the judgment complained of, confirming and validating the revenue bonds and holding that the lease agreement is valid and binding, is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1964—DECIDED FEBRUARY 6, 1964.

Robert L. Osteen, Jr., Abe Crosby, Jr., for plaintiff in error.
Buckner F. Melton, Jack T. Gautier, Oliver & Maner, Edwin Maner, Jr., contra.